**Not for Publication or Citation**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| STEVEN ANTHONY GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:05-169-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES SAMUELS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

Steven Anthony Graham, an individual who is currently incarcerated in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester), has filed a *pro se* petition for writ of habeas corpus.  [Record No. 1]  He has paid the $5.00 filing fee [Record No. 2], and this matter is now before the Court for screening.[1]  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that, as a result of ineffective assistance of counsel during his criminal trial in 1997, he is in custody in violation of the Sixth Amendment of the United States Constitution. He seeks release from federal custody.

ALLEGATIONS OF THE PETITION

---

[1] This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action:  (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

The petitioner has completed a pre-printed §2241 habeas corpus petition form and has attached to that form a typewritten supplement.  The petitioner states in his submissions that on April 10, 1997, a jury in the United States District Court for the Northern Division of Florida, Pensacola Division ("the trial court"), convicted him of Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §846.  On August 12, 1997, the trial court sentenced him to a thirty-five year term of imprisonment.  He states that the Eleventh Circuit affirmed his conviction, and the United States Supreme Court denied his petition for Writ of Certiorari on March 27, 2000, without addressing the merits of his appeal.

The petitioner further states that on March 23, 2001, he filed a timely "Motion to Vacate, Set Aside or Correct Sentence" pursuant to 28 U.S.C. §2255 in the trial court.  He has attached a copy of this motion to his petition. [Record No. 1, Exhibit No. 3]  In his §2255 motion and supplement, he alleged, among other things, that he had received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.  The petitioner asserted fourteen specific errors to his trial counsel through this motion.  He labeled these arguments alphabetically, "A-N." Essentially, he alleged that his trial counsel's mistakes resulted in his conviction.

On June 30, 2003, United States Magistrate Judge M. Casey Rodgers issued a twenty-page "Report and Recommendation"("R & R") addressing the petitioner's §2255 motion.  [*Id.*, Exhibit No. 5]  Magistrate Judge Rodgers addressed and analyzed all of the claims which Grahan had asserted in his petition, including the twelve specific allegations of ineffective assistance of counsel.[2]

---

[2]     The petitioner alleged that his trial counsel had failed:  (1) to seek suppression of evidence seized during a  search of his home and car; (2) to seek suppression of pretrial identifications; (3) in four specific ways, to challenge the authenticity of audiotapes and permitted their submission to the jury during deliberations; (4) to seek dismissal of the indictment; (5) to object to witness' "interpreting" the audiotapes; (6) to object to prosecutorial comments; (7) to allow the petitioner to

2

Magistrate Judge Rodgers concluded that none of the claims of ineffective assistance of counsel were meritorious, and recommended that the trial court dismiss the petition. The trial court adopted the Magistrate Judge's R&R over the petitioner's objections and denied the petition on July 15, 2003. [*Id.*, Exhibit No. 7]

In the current §2241, Graham alleges that the Magistrate Judge failed to consider or address "Ground IV" of his §2255 petition. He identifies this basis for relief as follows:

> **Ground Four**: Whether counsel was ineffective for allowing Petitioner's right of confrontation to be violated?
>
> As stated in the previous claim, counsel allowed the government to use these tapes without challenging the authenticity of those tapes. As such, Petitioner's counsel allowed his right of confrontation, as guaranteed by the 6th Amendment, to be violated. Because these tapes go straight to the heart of the question of guilt, counsel was ineffective for allowing the Petitioner's right to confrontation to be violated.

[*Id.*, Exhibit No. 5 (Preprinted Form, p. 6).

Graham sought to appeal the trial court's denial of his §2255, and his motion for a certificate of appealability from the denial of the motion. On December 1, 2003, the Eleventh Circuit entered an order denying the motion for a certificate of appealability. [*Id.*, Exhibit No. 8] The Eleventh Circuit specifically held that:

> "Appellant [Petitioner] has not demonstrated that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense, as set forth in *Strickland v. Washington*, 466 U.S. 668,687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984). . . . Furthermore, Graham was not entitled to an evidentiary hearing because

testify on his own behalf; and (8) to object to the petitioner's sentence.

The petitioner raised four separate claims concerning his attorney's alleged failure to challenge the authenticity of audiotapes and permitting their submission to the jury during deliberations. These claims were set forth as Grounds 3, 4, 5 and 6 of his §2255 motion. As will be discussed *infra*, Magistrate Judge Rodgers consolidated these four claims into one argument for organizational purposes in the R & R.

3

the record conclusively demonstrates that his claims have no merit. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11ᵗʰ Cir. 1991)."

[*Id.*, Exhibit No. 8; (12/01/03 Order Denying Mot. For Cert. App)]

Graham states that the United States Supreme Court denied hispetition for Writ of Certiorari on June 1, 2004.  Further, he states that on June 30, 2004, he filed a motion in the trial court to reopen the §2255 motion.  [Record No. 1, Exhibit No. 9] However, on July 26, 2004, the trial court denied the "Motion to Reopen" and denied the petitioner's request for a certificate of appealabilty. [*Id.*, Exhibit No. 10]

Graham alleges that when the Magistrate Judge issued the R & R, he failed to take into account the arguments he had asserted as "Ground IV" in his §2255 motion.  He further asserts that when the trial court adopted the R & R, it also overlooked the legal arguments contained in "Ground IV" of the §2255 motion.  Graham maintains that this specific legal argument was never addressed at any time during the §2255 motion process.  Accordingly, he concludes that he has been denied adequate redress by the Magistrate Judge's and the trial court's oversight of one of his Sixth Amendment arguments.  In sum, he contends that his trial court remedy under §2255 was inadequate and ineffective.

DISCUSSION

1.  <u>Standard of Review in §2242 Habeas Corpus Petition</u>

Generally, 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court.  A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th

4

Cir. 1979). Thus, because the instant petitioner's claim relates to the sentence imposed by the federal district court in the Western District of Virginia, the claim is not ordinarily a cognizable claim for this Court under 28 U.S.C. §2241.

In highly exceptional circumstances, a federal prisoner may challenge his sentence before the district court in the district of his incarceration, rather than going to the trial court with a §2255 motion. This is based on language contained in the fifth paragraph of 28 U.S.C. §2255 which provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit outlined the threshold which must be met by §2241 petitioners who wish the Court in the district of their confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the trial court pursuant to §2255. As an initial matter, the Sixth Circuit requires that the petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness. *Id.* at 756. The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence." *Martin*, 319 F.3d at 804-05.

2. §2255 Remedy Was Not Inadequate and Ineffective;
Trial Court Fully Evaluated Petitioner's Sixth Amendment Claims

5

This Court concludes that the petitioner has failed to establish either of the prerequisites for use of §2241. Contrary to the assertion in his §2241 petition, Magistrate Judge Rodgers addressed and disposed of the argument designated as "Ground IV" in the petitioner's §2255 motion, as well as the three other related claims pertaining to the use of audiotapes at trial. The §2255 motion consisted of two parts: (1) a seven-page pre-printed form on which the petitioner typed his responses to the various questions and (2) an eight-page, typewritten supplement to the §2255 pre-printed motion form. The twelfth question on the pre-printed motion form asked the petitioner to identify every ground on which he claimed that he was being held in violation of the Constitution. Section 12 of the pre-printed §2255 motion form allotted space (several blank lines) for explaining the basis of Grounds one through four, also labeled "A" through "D" on the pre-printed petition form. The petitioner typed short summaries in response to each ground to the extent allowed on the pre-printed motion form, and then listed ten (10) additional grounds in his typewritten supplement. He designated these additional entries as "Grounds for Relief 'E'-'N.'"

In reviewing the petitioner's fourteen grounds for relief set forth in the §2255 motion pre-printed form and supplement in alphabetical fashion, the arguments pertaining to counsel's alleged failure to challenge the government's audiotapes are found in Grounds "C," "E," "F," and "H." Reviewing the fourteen issues numerically, the grounds pertaining to the admission of the audiotapes are designated as Grounds 3, 4, 6, and 8.

A review of the petitioner's §2555 motion reveals that the petitioner raised four separate arguments relating his attorney's alleged failure to challenge the authenticity of audiotapes and permitting their submission to the jury during deliberations. He did not list four grounds relating

to the audiotapes in consecutive order.  As discussed, these four arguments were interspersed throughout the pre-printed form and the supplement.

As the Court has previously noted, Magistrate Judge Rodgers clearly stated on page three of the R & R that the petitioner's four Sixth Amendment arguments pertaining to the audiotapes and their submission to the jury – Grounds "C," "D," "F," and "H" – were being collectively addressed. He stated as follows in footnote no. 2 of the R & R:

> Defendants claims have been consolidated and reorganized for organizational purposes in this Report and Recommendation.

[Record No. 1, Exhibit No. 5 (R & R), p. 3].

The Magistrate Judge obviously concluded that it made sense to identify, discuss and address the merits of all four of the claims relating to the audiotapes and their submission to the jury in one segment of the R & R, as the four claims pertained to the same subject matter.  The Magistrate Judge did just that, and fully addressed each of the four audiotape-related Sixth Amendment claims in pages 9 - 11 of the R & R.  The Court will not reiterate Magistrate Judge Rodgers' entire analysis and disposition of these four audiotape-related claims, as they are fully set forth in the R & R attached as Exhibit No. 5 to Graham's §2241 petition.

To the extent that the petitioner alleges in his §2241 petition that Magistrate Judge Rodgers overlooked and/or ignored "Ground Four" of his §2255 motion – that his counsel had failed to challenge the authenticity of the tapes, and had thus violated the petitioner's right to confront his witnesses under the Sixth Amendment – the Court notes that Magistrate Judge Rodgers *squarely* examined that specific claim and rejected it as being without merit.  On page 11 of the R & R, Magistrate Judge Rodgers stated as follows:

> *In a related claim, Defendant asserts that his counsel should have objected to the court's allowing the jury access to the audiotapes without first reviewing them for intelligibility and authenticity.* (Doc. 68 at 29). As discussed <u>supra</u>, Defendant has failed to show that counsel had a meritorious basis for objecting to the authenticity of the tapes. The fact that the parties stipulated to the tapes authenticity, as well as the fact that the tapes were admitted as evidence, would render objection by counsel ridiculous. Furthermore, because Defendant has failed to provide factual support for his conclusory allegation that the tapes were not authentic or intelligible, he has failed to show that the court, upon previewing the tapes, would have determined that they were incompetent as evidence and therefore inadmissible."

[Record No. 1, Exhibit No. 5 (R & R), p. 3] (Emphasis Added).

Given this analysis, it is obvious that the Magistrate Judge did in fact address "Ground IV" of the petitioner's §2255 motion on page 11 of the R & R; determined that it had no merit; and recommended that the trial court deny the claim. The petitioner appealed that trial court's subsequent adoption of the R & R and was unsuccessful in that appeal. It is clear, however, that the trial court, through the adoption of the R & R, clearly identified "Ground IV" of the §2255, discussed it, and rejected it. The petition's argument in this proceeding – that the trial court has never addressed that particular aspect of his Sixth Amendment claim – is simply erroneous. The trial court  addressed that claim and denied it as being without merit.

The law in this circuit is that a petition asserted under 28 U.S.C. §2241 is not an additional, alternative, or supplemental remedy when a petitioner has been denied relief under §2255. *Charles v. Chandler*, 180 F.3d at 758. "It is well-settled that the remedy under §2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under §2255, because he is procedurally barred from pursuing relief under §2255, or because he has been denied permission to file a second or successive motion to vacate. *Charles*, 180 F.3d at 756." *Stone v. Snyder*, 60 Fed.Appx. 596, 597, 2003 WL 1795895, **2 (6th Cir.(Ky.) April 2, 2003). Accordingly,

8

because the petitioner's §2255 motion was not inadequate and ineffective, he is not entitled to relief under §2241.

### 3.  Petitioner Has Not Raised "Actual Innocence Claim"

As previously noted, § 2241 may be used as a substitute for a motion to vacate only where a claim of actual innocence is presented. *Charles v. Chandler*, 180 F.3d at 757; *Raymer v. Barron*, 82 Fed.Appx. 431, 432, 2003 WL 22506414, **1 (6th Cir.(Ky.) November 3, 2003) (Not selected for publication in the Federal Reporter). The petitioner does not present the second requirement for this Court to entertain the merits of his claim. His claim is not one of actual innocence of the crime for which he was convicted and sentenced in the trial court. Instead, his claim is that his lawyer failed to challenge the authenticity of the government's audiotapes and therefore violated his right under the Sixth Amendment of the United States Constitution.

As the Supreme Court explained in *Bousley v. United States*, 523 U.S. 614 (1998), "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court went on to point out that "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the indictment. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been

9

imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant petitioner "is innocent . . . only in the technical sense." *Id.* at 609. When confronted with a similar claim in this circuit, in *Ward v. Snyder*, 238 F.3d 426, 2000 WL 1871725 (6th Cir. 2000) (unpublished), the Sixth Circuit cited *Bailey* and *Charles v. Chandler* in noting that one of Petitioner Ward's failures was that he did not "cite to any intervening change in the law which reflects that he may be actually innocent of his crimes." *Id.* at **2. In fact, the Sixth Circuit stated that "it is unclear whether and to what extent someone like [the petitioner] can show actual innocence in relation to his claims that challenge the imposition of his sentence." *Id.* Additional Sixth Circuit authority is consistent with this analysis. *See Szabo v. Snyder*, 83 Fed.Appx. 738, 2003 WL 22976633 (6th Cir. 2003) (unpublished); *Leon v. Hemingway*, 53 Fed.Appx. 353 (6th Cir. 2002) (unpublished).[3]

Therefore, the instant petitioner having failed to pass the threshold of demonstrating both that his remedy by a §2255 motion to the trial court is inadequate and ineffective, and that he is actually

---

3       In *Haun v. Barron*, 105 Fed.Appx. 28, 2004 WL 1595187 (6th Cir. (Ky.) July 14, 2004) (Not selected for publication in the Federal Reporter), the Sixth Circuit discussed the fact that an intervening change in substantive law is required in order to establish a claim of actual innocence. The court stated that:

> [t]he question, then, is whether (like *Bailey* ) *Neder* [*v. United States*, 527 U.S. 1 (1999)], presents 'an intervening change in substantive law [that] may negate' Petitioner's convictions. *Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). As explained, *Bailey* held that, under 18 U.S.C. §924(c)(1), a firearm had to be 'actively employed' to sustain a conviction. In reaching this conclusion, the Supreme Court undertook a detailed analysis of the statute, examining the statute's language and legislative history. *Bailey*, 516 U.S. at 145-51, 116 S.Ct. 501. This analysis effectuated 'an intervening change in substantive law.' *Dorsainvil*, 119 F.3d at 251.

*Haun v. Barron*, 105 Fed.Appx. at 32, 2004 WL 1595187 at **4

10

innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, his petition must be denied and his casee dismissed.

CONCLUSION

Accordingly, being sufficiently advised, it is hereby **ORDERED** as follows:

(1)    Petitioner Steven Anthony Graham's petition for writ of habeas corpus is **DENIED**.

(2)    This action is **DISMISSED**, *sua sponte* and with prejudice from the Court's docket.

A corresponding Judgment shall be entered this date in favor of the Respondent.

This 16th day of May, 2005.

Signed By:

**_Danny C. Reeves_** DCR

**United States District Judge**